UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____-CIV-_____

ANDREW MILLER, on behalf of himself and
all others similarly situated,

        Plaintiff,

v.

ARVEST CENTRAL MORTGAGE CO.,

        Defendant.
_____/

## DEFENDANT ARVEST CENTRAL MORTGAGE CO.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Arvest Central Mortgage Co. ("Arvest") hereby removes the state court civil action pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2020-010342-CA-01, to the United States District Court for the Southern District of Florida. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d).

In further support of this Notice of Removal, Arvest states as follows:

### PROCEDURAL HISTORY

1. On May 13, 2020, Andrew Miller ("Plaintiff") filed a putative class action complaint in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida ("Complaint"), under the caption *Miller v. Arvest Central Mortgage Co.*, Case No. 2020-010342-CA-01 ("the State Court Action"). A true and correct copy of the Complaint is attached as **Exhibit 1**.

2. On May 18, 2020, the Miami-Dade County Clerk of the Courts issued a summons to Arvest. A true and correct copy of the summons is attached as **Exhibit 2**.

3. On June 10, 2020, Arvest executed and returned to Plaintiff a waiver of service of process. A true and correct copy of the waiver of service of process is attached as **Exhibit 3**.

4. Exhibits 1–2 constitute all the process, pleadings, and orders that have been served upon Arvest in connection with the State Court Action.

5. A true and correct copy of the State Court Action docket is attached as **Exhibit 4**.

6. The Complaint alleges that Arvest breached Plaintiff's mortgage agreement and violated the Florida Consumer Collection Practices Act and Florida Deceptive and Unfair Trade Practices Act by assessing Plaintiff fees for making his mortgage payments online or by phone because Plaintiff's mortgage agreement does not expressly allow Arvest to charge such fees. Ex. 1 ¶¶ 1, 33–34.

7. The Complaint purports to seek certification of a class of "[a]ll persons who (1) were borrowers on residential mortgage loans on properties located in Florida to which Arvest acquired servicing rights, and (2) paid a fee to Arvest for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations through the date a class is certified." *Id.* ¶ 39.

8. The Complaint asserts—on behalf of Plaintiff and the purported class members— claims for breach of contract, violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, and violation of the Florida Deceptive and Unfair Trade Practice Act, Fla. Stat. Ann. § 501.201 *et seq.* Ex. 1 ¶¶ 50-70.

**PARTIES**

9. Plaintiff Andrew Miller is a Florida resident. *Id.*

10. Defendant Arvest is an Arkansas corporation with its principal place of business in Arkansas. *Id.* ¶ 8.

## TIMELINESS OF REMOVAL

11. Pursuant to 28 U.S.C. § 1446(b), the defendant has 30 days to remove to federal court following service of a copy of the complaint, or within 30 days after service of summons if the complaint has been filed in court and is not required to be served on the defendant, whichever period is shorter. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999). Arvest accepted service of the Complaint on June 10, 2020 when it executed the waiver of service of process. Ex. 3. Thirty days from the June 10, 2020 service of the Complaint is July 10, 2020, and this notice of removal is therefore timely. *See Premier Med. Billing, Inc. v. Gotham Footcare, Inc.*, No. 8:18-cv-185-T-36AEP, 2018 WL 4078823, at *3 (M.D. Fla. Aug. 27, 2018) (where there is no formal service, 30-day removal clock is triggered when the defendant waives formal service of process); *Gipson v. Fountain*, No. 1:17-cv-3061-SCJ, 2017 WL 9882670, at *1-2 (N.D. Ga. Oct. 23, 2017) (same); *Island Pipeline, LLC v. Sequoyah Ltd., LLC*, No. 308-cv-1133-J-32HTS, 2009 WL 413584, at *3 (M.D. Fla. Feb. 18, 2009) (same).

## BASIS FOR REMOVAL JURISDICTION

12. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." As set forth below, this Court has original jurisdiction over the State Court Action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The State Court Action is removable to this Court under both 28 U.S.C. §§ 1441 and 1453.

13. Arvest also invokes all other grounds for removal that exist under applicable law.

14. Arvest's recitation of the claims in the State Court Action for purposes of establishing grounds for removal is not a concession that the claims have merit, and Arvest reserves all rights and applicable defenses to the claims and legal theories in the State Court Action, and denies that Plaintiff is entitled to any relief.

15. "CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)). The State Court Action meets all of these requirements. Indeed, Plaintiff's counsel has filed two almost identical lawsuits against Arvest in California and Arkansas federal court. *See Lange v. Arvest Central Mortgage Co.*, Case No. 4:20-cv-00293-LPR (E.D. Ark.); *Lembeck v. Arvest Central Mortgage Co.*, Case No. 4:20-cv-03277 (N.D. Cal.).

16. This case is a class action within the meaning of CAFA. Under the statute, a class action is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff states that he brings this action on behalf of a class, Ex. 1 ¶ 39, and asserts his claims pursuant to the Florida class action statute, Fla. R. Civ. P. 1.220; *see* Ex. 1 ¶ 39, thereby meeting CAFA's class action requirements. *See* 28 U.S.C. § 1332(d)(1)(B).

17. The State Court Action likewise meets CAFA's mandate for minimal diversity, which simply requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, named Plaintiff Miller is a citizen of Florida. Ex. 1 ¶ 7; *see Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) ("In order to be

4

a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State."). Arvest is an Arkansas corporation with its principal place of business in Arkansas, and is therefore a citizen of Arkansas. Ex. 1 ¶ 8; *see* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (stating that corporate entities are citizens of the states where they are incorporated and where they have their principal places of business).

18. CAFA's "mass action" requirement is also satisfied. CAFA requires that the proposed class encompass at least 100 members. *See Standard Fire Ins.*, 568 U.S. at 592 (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)). The State Court Action meets that threshold. The Complaint's proposed class encompasses: "All persons who (1) were borrowers on residential mortgage loans on properties located in Florida to which Arvest acquired servicing rights, and (2) paid a fee to Arvest for making a loan payment by telephone, IVR, or the internet, during the applicable statutes of limitations through the date a class is certified." Ex. 1 ¶ 39. Plaintiff alleges that the putative class consists of "thousands of class members." *Id*. ¶ 44.

19. Finally, the State Court Action satisfies CAFA's $5,000,000 amount-in-controversy requirement. *See Standard Fire Ins.*, 568 U.S. at 592 (citing 28 U.S.C. §§ 1332(d)(2), (d)(5)(B)). Plaintiff alleges that the putative class consists of "thousands of class members," and challenges fees that Arvest purportedly assesses each month when an individual voluntarily makes his or her mortgage payment online ($5 fee) or by phone ($5 for Interactive Voice Response and $10 with customer service representative). Ex. 1 ¶¶ 1, 44. On behalf of himself and the putative class, Plaintiff seeks "damages, including compensatory and exemplary damages," "statutory damages and/or penalties," "expenses and costs of suit, including reasonable attorneys' fees," and "pre- and post-judgment interest," thereby putting at least $5,000,000 in controversy. *Id*. Prayer

for Relief ¶¶ 2–3, 5–6.[1] *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

20. The State Court Action implicates none of the exceptions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(4) because Arvest is not a citizen of Florida. *See* Ex. 1, ¶ 8.

21. For these reasons, this Court has jurisdiction over this action pursuant to CAFA and 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441 and 1453.

### REMOVAL TO THE SOUTHERN DISTRICT OF FLORIDA, MIAMI DIVISION IS PROPER UNDER 28 U.S.C. § 1441

22. Removal to the Southern District of Florida is proper because it is the district within which the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

23. Removal to the Miami Division of the Southern District of Florida is similarly proper because it is the division within which the State Court Action is pending. *See* 28 U.S.C. §§ 89(c), 1441(a).

### NOTICE TO STATE COURT AND PLAINTIFF

24. Pursuant to 28 U.S.C. § 1446(d), Arvest will promptly serve a copy of this Notice on counsel for Plaintiff and will file a copy of this Notice with the Miami-Dade County Clerk of

---

[1] Arvest makes no admission regarding the merit of Plaintiff's claims. To the contrary, Arvest believes that Plaintiff's claims have no merit and that there are no damages. Arvest merely estimates the amount that the Complaint would put into controversy if Plaintiff could hypothetically prevail on every aspect of his claims, as it must for purposes of the instant analysis. *See Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.") (citation omitted).

the Courts. Attached as **Exhibit 5** is a copy of the Notice of Filing of Notice of Removal, excluding exhibits, to be filed in the State Court.

WHEREFORE, the State Court Action now pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2020-010342-CA-01, is hereby removed to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1441, 1453.

Respectfully Submitted,

s/ Brian W. Toth
Brian W. Toth
Florida Bar No. 57708
btoth@gsgpa.com
Andrew Jay Fuller
Florida Bar No. 1021164
afuller@gsgpa.com
Gelber Schachter & Greenberg, P.A.
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Telephone: (305) 728-0950

Valerie L. Hletko (*pro hac vice* forthcoming)
BUCKLEY LLP
2001 M Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 349-8000
Fax: (202) 349-8080
vhletko@buckleyfirm

Scott T. Sakiyama (*pro hac vice* forthcoming)
BUCKLEY LLP
353 N. Clark St., Suite 3600
Chicago, IL 60654
Telephone: (312) 924-9800
Fax: (312) 924-9899
ssakiyama@buckleyfirm.com

*Counsel for Defendant*
*Arvest Central Mortgage Co.*

**CERTIFICATE OF SERVICE**

I CERTIFY that on this 9th day of July, 2020, a true and correct copy of the foregoing has been served via electronic and U.S. mail on the following state court counsel of record:

James L. Kauffman
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street NW, Suite 540
Washington, DC 20007
(202) 463-2101
jkauffman@baileyglasser.com

Jonathan R. Marshall (*pro hac vice* application forthcoming)
BAILEY & GLASSER LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
jmarshall@baileyglasser.com

Hassan A. Zavareei (*pro hac vice* application forthcoming)
Jennifer Thelusma
TYCKO & ZAVAREEI LLP
1828 L Street NW, Suite 1000
Washington, DC 20036
(202) 973-0900
hzavareei@tzlegal.com
jthelusma@tzlegal.com

Andrew J. Shamis
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, FL 33132
(305) 479-2299
ashamis@shamisgentile.com

Scott Edelsberg
EDELSBERG LAW, PA
20900 NE 30th Avenue, Suite 417
Aventura, FL 33180
(305) 975-3320
scott@edelsberglaw.com

*Attorneys for Plaintiff*