UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-22820-CIV-MORENO

ANDREW MILLER,

      Plaintiff,

vs.

ARVEST CENTRAL MORTGAGE CO.,

      Defendant.

_____/

## ORDER GRANTING MOTION FOR REMAND

At issue in the motion for remand is whether the $5 million dollar amount-in-controversy is met as required by the Class Action Fairness Act. Defendant argues the amount is met because Plaintiff's complaint pleads an exception to the statutory cap on punitive damages under Florida law and the Plaintiff's state court civil cover sheet states the amount at issue is over $5 million. Plaintiff, however, provides his counsel's declaration stating that the statutory damages are $500,000 and the compensatory damages are $650,000. Florida allows for punitive damages capped at treble the compensatory damages and the declaration explains the math and how these figures total $3.1 million, which is the actual amount in controversy in this case. Plaintiff also claims the civil cover sheet contains a scrivener's error as to the amount at issue. Because the Court finds the allegations in the complaint, even coupled with the civil cover sheet, do not establish that uncapped punitive damages are at issue, the Court remands the case.

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand (**D.E. 14**), filed on **August 10, 2020**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and the case is REMANDED to the Eleventh Judicial Circuit Court in and for Miami-Dade County.

## I.   Background

Plaintiff filed this complaint in Florida state court alleging Defendant Arvest Central Mortgage Company knowingly and deliberately charged borrowers an unauthorized fee each time they made online or telephone mortgage payments. On behalf of himself and a class of borrowers, Plaintiff brings claims for breach of contract, violation of Florida Consumer Collection Practices Act, and violation of the Florida Deceptive and Unfair Trade Practices Act stemming from the unauthorized charges. Invoking federal jurisdiction under the Class Action Fairness Act, Defendant removed the case to this Court. Plaintiff is moving to remand arguing the amount-in-controversy of $5 million is not met.

## II.   Legal Standard and Analysis

The Class Action Fairness Act gives "federal courts jurisdiction over certain class actions, defined in [28 U.S.C.] § 1332(d)(1), if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). "CAFA's primary objective" is to "ensur[e] '[f]ederal court consideration of interstate cases of national importance.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). The Supreme Court pointed "out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89.

When a defendant removes a case, the notice of removal need "only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* That is the case here, where the Notice of Removal contains a plausible allegation regarding the amount at issue, and Plaintiff contests that allegation.

When jurisdiction is challenged, "[w]here the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). "To determine whether the defendant has carried its burden, a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence." *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (citing *S. Fla. Wellness*, 745 F.3d at 1315). Defendants are not limited in the types of evidence provided to meet the burden. *Pretka*, 608 F.3d at 755. A defendant may rely on the complaint's allegations or provide its own affidavits, declarations, or other documentation. *Id.*

### A. Evidence of the Amount-in-Controversy

The parties dispute centers on whether the Plaintiff's request for punitive damages is capped under Florida law. For the jurisdictional amount to be satisfied, the Court must find the amount at issue in this case includes uncapped punitive damages allowed in Florida as a statutory exception in certain cases.

Defendant has shown that compensatory damages are approximately $650,000, and statutory damages under the Florida Consumer Collection Practices Act are capped at $500,000

for the class under Florida Statute § 559.77(2). Therefore, $1.15 million in compensatory and statutory damages combined are in controversy. Both parties agree that Florida law caps punitive damages at treble the actual damages. § 768.73(1)(a)(1), Fla. Stat. In this case, treble the actual damages of $650,000 is $1.95 million. The addition of these figures ($1.15 million and $1.95 million) yields total damages of $3.1 million, which is short of the $5 million jurisdictional amount under the Class Action Fairness Act. Plaintiff's counsel, James Kauffman, provided an affidavit to this effect stating that "taking into account the caps on both statutory damages under the FCCPA ($500,000) and for any punitive damages in Florida . . ., that the total damages were no more than $3,100,000."

Defendant argues that Plaintiff's allegations invoke a statutory exception to Florida's cap on punitive damages, and that Plaintiff is seeking to recover punitive damages in excess of the cap. Defendant's burden is to show by a preponderance of the evidence that Plaintiff seeks a right of recovery of punitive damages above the statutory cap. The specific allegation upon which the Defendant relies to make this argument states that Arvest "knowing[ly] violated the law thousands of times by engaging in conduct that was 'deliberate[]', 'unfair and deceptive.'" According to the Defendant, this allegation places this case within the confines of Florida Statute § 768.73(1)(c), which provides an exception to the statutory cap on punitive damages. The statute states that "[w]here the fact finder determines that at the time of injury the defendant had a *specific intent* to harm the claimant and determines that the defendant's conduct did in fact harm the claimant, there shall be no cap on punitive damages."

Plaintiff asserts that "[c]ontrary to Defendant's argument, § 768.73(1)(c) does not apply here." Nowhere in the complaint does Plaintiff allege that Defendant acted with a specific intent to harm, as needed to invoke § 768.73(1)(c)'s exception to Florida's punitive damages cap. The

question then is whether the allegation that Defendant *knowingly* violated the law and engaged in *deliberative, unfair,* and *deceptive* behavior suffices to establish that Plaintiff is seeking to invoke the statutory exception and avoid the cap on damages. The Plaintiff's allegations are consistent with the required elements of Plaintiff's causes of action. For Plaintiff's Florida Consumer Collections Practices Act claim, Plaintiff must plead defendant's knowledge. § 559.72(9), Fla. Stat. ("[i]n collecting consumer debts, no person shall . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."); *Bentley v. Bank of Am.,N.A.*, 773 F. Supp. 2d 1367, 1372-73 (S.D. Fla. 2011) ("To establish a violation under section 559.72(9) of the FCCPA, 'it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist.'") (quoting *Pollock v. Bay Area Credit Serv., LLC*, No. 08-61101-CIV- 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009)). And, of course, to state a claim under the Florida Deceptive and Unfair Trade Practices Act, a plaintiff must allege deceptive and unfair conduct. *Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 167 (Fla. 4th DCA 2015) (elements of FDUTPA claim are "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."). The Court agrees that Plaintiff's allegations are consistent with the causes of action at issue and are not adequate to show by a preponderance of the evidence that Plaintiff is pleading around the statutory cap. An unpled exception to a statutory cap on punitive damages -- disavowed by the Plaintiff's counsel's affidavit -- fails to provide sufficient evidence for this Court to find that the jurisdictional amount is met.

    Having found the complaint does not adequately plead an exception to the statutory cap, the Court evaluates the state court civil cover sheet, which is proffered by Defendant as

additional evidence of the amount in controversy. The state court civil cover sheet states that the amount at issue exceeds $5 million. Plaintiff asserts that was a scrivener's error. Generally, allegations on a civil cover sheet are not part of the complaint. *Davis v. Signius Investment Corp./Answernet*, No. 12-04143-TWT-AJB, 2013 WL 1339758, *3 n. 4 (N.D. Ga. Feb. 26, 2013).

This civil cover sheet lacks any mathematical computation or explanation to establish $5 million in damages. Simply stated, it is not sufficiently compelling to tip the scale and find the preponderance of the evidence establishes the jurisdictional amount. This is especially true relative to the detailed explanation of allowable damages contained in the declaration of Plaintiff's counsel James Kauffman. Mr. Kauffman's declaration explains that "taking into account the caps on both statutory damages under the FCCPA ($500,000) and for any punitive damages in Florida (three times actual damages, or $1,950,000), that the total damages were no more than $3,100,000." *See Durshimer v. LM Gen. Ins. Co.*, 20-cv-2014-TP, 2020 WL 5366721, *1 (M.D. Fla. Set. 8, 2020) (stating that court does not find the state civil cover sheet, which provides a claim for $500,000 compelling enough to find the jurisdictional amount, considering the policy limit of $100,000).

In sum, the Plaintiff's complaint, the declaration of his counsel, and the computation of damages do not support a finding that uncapped punitive damages are in controversy in this case. Although the complaint requests exemplary damages (i.e. punitive damages), the allegations relate to general violations of the FCCPA and the FDUTPA, and are insufficient for this Court to find by a preponderance of the evidence that Plaintiff is seeking to invoke a statutory exception to the punitive damages cap. In addition, the civil cover sheet is also insufficient to establish the jurisdictional amount by a preponderance of the evidence especially given Plaintiff's counsel's

declaration providing a concrete computation of damages and the Plaintiff's assertion that the civil cover sheet contains a scrivener's error.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th of December 2020.

*[signature: Federico A. Moreno]*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Clerk of Court, Eleventh Judicial Circuit in and for Miami-Dade County